**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-CV-80010-ROSENBERG/REINHART**

AMICA MUTUAL INSURANCE COMPANY,

  Plaintiff,

v.

RSUI INDEMNITY COMPANY,
UNITED SPECIALTY INSURANCE COMPANY,
TIERRA DEL MAR CONDOMINIUM ASSOC. INC.,
and BRIAN UPTON,

  Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

    **THIS CAUSE** is before the Court upon Plaintiff, America Mutual Insurance Company's ("Amica") Motion to Remand, DE 26.

**I. Background**

    This is an insurance coverage dispute between the Plaintiff, Amica; two other insurers, RSUI Indemnity Company ("RSUI") and United Specialty Insurance Company ("United"); and two insureds, Brian Upton and Tierra Del Mar Condominium Association. *See* Compl., DE 1-2. Mr. Upton is the president and/or board member of the Tierra Del Mar Condominium Association ("Tierra"). *Id.* ¶¶ 8–9. Both Mr. Upton and Tierra were sued in state court by a member of the Tierra Condominium Association, Frank Speciale (the "Speciale action"). *See id.* ¶¶ 10–12. Mr. Upton holds an umbrella personal liability policy with Amica. *Id.* ¶ 5. Tierra holds a Directors and Officers ("D&O") policy from RSUI and a Commercial General Liability ("CGL") policy from United. *Id.* ¶¶ 6–7.

Amica brought suit for a determination of RSUI's duty to defend and indemnify Mr. Upton (Count I), a determination of United's duty to defend and indemnify Mr. Upton (Count II), and a declaration of how all three policies are layered on top of each other with regard to the *Speciale* Action (Count III). *See id.* ¶¶ 24–43. The case was originally filed in state court; Defendant United timely removed the action to federal court on January 3, 2019, with RSUI's consent. *See* Notice of Removal, DE 1, ¶¶ 7, 34. Removal was based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). *Id.* ¶¶ 12–21.

Amica filed the instant Motion to Remand on March 25, 2019. Mot., DE 26. Defendants United and RSUI each responded on April 8, 2019. DE 33; DE 36. The Motion is now ripe without a reply from Amica.

**II. Discussion**

A. <u>Diversity</u>

A defendant may remove a civil action filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

Plaintiff argues in the wherefore clause of its Motion to Remand (the "Motion") that remand is warranted, because "TIERRA DEL MAR and UPTON's uncontested citizenship in

2

Florida [ECF 20:4] destroys diversity under 28 U.S.C. § 1332(a)(1) thereby defeating this Court's subject matter jurisdiction[.]" Mot., DE 26, 5.

It is unclear to the Court how Tierra and Upton's presence in the action destroys this Court's subject matter jurisdiction based on Amica's principal place of business or state of incorporation. The Notice of Removal, DE 1, states that at "the time the State Court Action was commenced and at the time of removal, Plaintiff Amica is a Rhode Island insurance company with its principal place of business in Providence, Rhode Island, which is authorized to and is transacting business in the State of Florida." Notice, DE 1, ¶ 14. This statement is supported by a print out from the Rhode Island Department of State, which indicates that Amica is a Rhode Island organization. Notice, Exhibit B, DE 1-5, 2. While the Notice of Removal states that Amica is a citizen of Rhode Island *and Florida*. Notice, DE 1, ¶ 14, this statement is inconsistent with the previous two sentences, as well as the cited record evidence, which indicate that Amica is a citizen *only* of Rhode Island. Indeed, Defendants' Removal Status Report states that "Amica is a Rhode Island insurance company with its principal place of business in Providence, Rhode Island, which is authorized to and is transacting business in the State of Florida." Report, DE 7, 6. Transacting business in a given state does not give rise to citizenship in that state for the purposes of subject matter jurisdiction based on diversity. *See* 28 U.S.C. § 1332(c)(1)("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its *principal* place of business.") (emphasis added); *Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010).

Amica does not refute this evidence. Instead, Amica twice repeats in its Motion to Remand that Amica is "a Rhode Island Company." Mot., DE 26, ¶¶ 8, 12. Amica has not argued in its Motion to Remand that it is a citizen of Florida pursuant either to its incorporation or its principal

3

place of business. In its opposition to the Defendants' Fraudulent Joinder Motion,[1] Amica states that on "its face the removal is improper as TIERRA DEL MAR and UPTON are both alleged to be citizens of the state of Florida." DE 27, ¶ 6, which is irrelevant to this Court's diversity jurisdiction unless Amica is also a citizen of Florida.

Accordingly, the record evidence before the Court demonstrates that Amica is both incorporated in and has its principal place of business in Rhode Island.[2]  Therefore, there is complete diversity between Amica, a Rhode Island company, and the Defendants, none of whom are alleged to be Rhode Island citizens. *See* Notice of Removal, DE 1, ¶¶ 12–18.  To the extent Amica seeks remand for lack of complete diversity, the Motion is denied.

### B. Forum-Defendant Rule

In the alternative, Amica argues that removal is improper based on the "forum-defendant rule," which prohibits removal in cases where there is an in-state resident defendant. *See* 28 U.S.C.

---

[1] Defendants United and RSUI filed their Motion for Determination of Fraudulent Joinder ("Fraudulent Joinder Motion") on February 25, 2019. DE 20. United and RSUI have argued both in their Fraudulent Joinder Motion and in their Responses to Amica's Motion, DE 33 and DE 36, that Defendants Upton and Tierra have been fraudulently joined in this action.

[2] Although neither party has raised the issue, the Court has considered whether 28 U.S.C. § 1332(c)(1)(A) applies to this action, based on its duty to consider its own subject matter jurisdiction. *See Univ. So. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Section 1332(c)(1) imputes the citizenship of an insured upon an insurer "in any *direct action* against the insurer of a policy or contract of liability insurance, … to which action the *insured is not joined as a party-defendant*," in addition to the insurer's own citizenship based on its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1)(A) (emphasis added). This provision is designed to "eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985).

Here, Section 1332(c)(1)(A) does not apply. First, the case is not the kind of "direct action" that this subsection was designed to address. Second, the insureds here, Upton and Tierra, have both been joined as party defendants, so their citizenship is already reflected in the diversity calculus. Accordingly, the Court concludes that Section 1332(c)(1)(A) does not confer Florida citizenship upon Amica by virtue of the insured's (Upton and Tierra) citizenship in Florida.

§ 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Amica argues that removal is improper because of the presence of two Florida defendants. Mot., DE 26, 4–5.

The forum-defendant rule is not jurisdictional in nature. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (finding that the forum-defendant rule is procedural; identifying that eight of nine circuits to have considered the issue have found the same); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) ("[R]emoval by the resident defendants is a procedural, and not a jurisdictional defect.").

Because the forum-defendant rule is a non-jurisdictional rule in the Eleventh Circuit, it may be waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (emphasis added); *see also Lively*, 456 F.3d at 939. "A plaintiff may either waive the procedural defect stemming from a resident defendant's removal or may file a motion to remand within 30 days of removal." *Plombco Inc. v. TBC Retail Grp., Inc.*, No. 13-81026-CIV, 2013 WL 5863571, at *2 (S.D. Fla. Oct. 31, 2013) (citing cases finding the same).

Defendants RSUI and United identified Defendants Upton and Tierra as citizens of Florida in their Notice of Removal; DE 1, filed 1/3/2019; their Removal Status Report, DE 7; filed 1/10/2019; and their Joint Motion for Determination of Fraudulent Joinder; DE 20; filed 2/25/2019. Plaintiff did not move to remand the case, or otherwise raise the issue of the defendant-forum rule, until nearly three months (81 days) from the date of removal. *See* Mot., DE 26. Thus,

5

Amica has waived this objection to removal, because it did not move for remand or otherwise bring the defect in removal to the Court's attention within the thirty days provided by 28 U.S.C. § 1447(c), in spite of the multiple notices provided by Defendants of this issue. The Court also notified Amica in its Notice of Court Practice in Removal Cases that "the non-removing party must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction within thirty (30) days after the filing of the notice of removal under 28 U.S.C. § 1446(b)." DE 3, 1. Amica has failed to provide any explanation for its delay. Accordingly, Amica's Motion to Remand on the basis of the forum-defendant rule is denied.

### C. Consent

Amica also seeks remand based on the lack of consent to removal from Tierra and Upton. *See* Mot., DE 26, ¶ 10. The Motion is denied on this basis because Amica failed to timely move for remand. Consent to removal, like the forum-defendant rule, is not jurisdictional. *See Londono v. Hilton Int'l Co.*, No. 07-21250-CIV, 2007 WL 9702715, at *1, n.2 (S.D. Fla. Aug. 22, 2007) ("The failure to have unanimity among defendants, however, is a procedural, not a jurisdictional defect, and consequently, any failure by the removing defendants to satisfy the unanimity requirement is waived as a basis for remand unless the plaintiff raises the defect within 30 days after removal."). Thus, although it is not disputed that Upton and Tierra's consent was not obtained prior to removal, this defect is not grounds for remand because Amcia failed to timely move for remand.

### D. Request for Fees

Finally, Amica seeks fees and costs associated with the removal of this action. "The United States Supreme Court has held that 'absent unusual circumstances, attorney's fees should not be

awarded when the removing party has an objectively reasonable basis for removal.'" *Plombco Inc. v. TBC Retail Grp., Inc.*, No. 13-81026-CIV, 2013 WL 5863571, at *1 (S.D. Fla. Oct. 31, 2013) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). Because the Motion to Remand is denied, the request for fees is also denied.

### III. Conclusions

For all of the reasons stated herein, it is hereby **ORDERED** and **ADJUDGED**

1. The Motion to Remand [DE 26] is **DENIED**.

2. The Court notes that Defendants' Fraudulent Joinder Motion, DE20, is also ripe for review. In light of this Order, Defendants RSUI and United are ordered to file a Notice indicating whether that Motion is now moot or whether they seek any further relief within five (5) days of the rendition of this Order. Failure to timely file this Notice may result in the Court's denial of the Fraudulent Joinder Motion.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of May, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE